**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

DERRICK D. FIELDS,                                                                                              PLAINTIFF
ADC #109114

v.                                           3:22-cv-00188-DPM-JJV

ARKANSAS DEPARTMENT OF CORRECTION; and
DOES, Government Officials, North Central Unit                                      DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to Chief United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to this Recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

**I.     DISCUSSION**

Derrick D. Fields ("Plaintiff") is a prisoner at the North Central Unit who has filed a confusing, *pro se* Complaint pursuant to 42 U.S.C. § 1983. (Doc. 2.) Plaintiff seeks damages, as well as release from prison, for being subjected to an "unsafe environment" and "held as collateral for outstanding debts to be paid towards entities affiliated with this government." (Doc. 2 at 4.) Plaintiff also says he is being "denied from becoming a sovereign citizen and pursuing my strawman claim on filing UCC claims" and that he is "dealing with legal assistance and policy and not being able to pursue these claims." (*Id*.) Finally, Plaintiff makes the conclusory

assertion that he is "dealing with infiltrated characters that work for ADC that has no proper mental health system." (*Id.*)  After careful consideration and for the following reasons, I recommend the Complaint be dismissed without prejudice for failing to state a claim upon which relief may be granted.[1]

First, a § 1983 action can only be brought against a state actor for the violation of a federal statutory or constitutional right.  42 U.S.C. § 1983; *Henley v. Brown*, 686 F.3d 634, 640 (8th Cir. 2012).  Unless there is diversity jurisdiction, Plaintiff's possible contract claims based on any UCC violations must be raised in state court.  28 U.S.C. § 1332.  Additionally, Plaintiff can only obtain release from prison by filing a habeas petition, and not a § 1983 action, after exhausting all of his remedies in state court.  28 U.S.C. § 2254, *Muhammad v. Close*, 540 U.S. 749, 750 (2004); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  Further, Plaintiff's allegations that he is being held as collateral for outstanding debts and barred from becoming a sovereign citizen are frivolous. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (a complaint "is frivolous where it lacks an arguable basis either in law or in fact"); *Neizke v. Williams*, 490 U.S. 319, 325-28 (1989) (claims are frivolous if they are "fanciful," "fantastic," or "delusional").

Second, the constitution "does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims."  *Lewis v. Casey*, 518 U.S. 343, 355 (1996).  Instead, it only requires legal assistance (which can be access to legal materials instead of counsel) that " inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (1) are frivolous or malicious or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

confinement." *Id.* Challenges to Plaintiff's sentence or conviction must be brought in a habeas action. *Muhammad,* 540 U.S at 750. And if Plaintiff is alleging he has been prevented from bringing a § 1983 claim regarding the conditions of his confinement, he must provide facts demonstrating actual injury. *Holt v. Howard,* 806 F.3d 1129, 1133 (8th Cir. 2015). In this respect, "actual injury" means "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis,* 518 U.S. at 355; *see also Johnson v. Hamilton,* 452 F.3d 967, 974 (8th Cir. 2006). The Complaint does not contain any such facts.

Third, prisoners have a constitutional right to receive adequate mental health care and be protected from a substantial risk of serious harm. *Rusness v. Becker Cnty., MN.,* 31 F.4th 606, 614 (8th Cir. 2022); *Perry v. Adams*, 993 F.3d 584, 587 (8th Cir. 2021). But Plaintiff's conclusory statements that he is in an "unsafe environment" and that the ADC does not have "proper mental health" - without any supporting facts - fall short of stating plausible claims. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("labels and conclusions," "a formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a § 1983 claim).

Fourth, the only Defendants named are the Arkansas Department of Correction and unknown "Does, Government Officials." The prison itself cannot be sued in a § 1983 action. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Brown v. Mo. Dept. of Corrs.,* 353 F.3d 1038, 1041 (8th Cir. 2004). In contrast, government officials can be proper parties. But a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has not provided any facts explaining how specific individuals, even if he does not know their actual names, personally

violated his constitutional rights. For instance, Plaintiff has not attempted to identify the unknown government officials by job titles or the approximate dates of the alleged violation. Instead, the Complaint only contains broad allegations about unknown government officials, which falls short of satisfying the *Iqbal* requirements.

Importantly, I previously brought these pleading deficiencies to Plaintiff's attention, provided specific instructions on how to plead plausible claims, gave Plaintiff thirty days to file an Amended Complaint, and cautioned him I would recommend dismissal if he failed to do so within thirty days. (Doc. 3.) The time to comply with my instructions has expired, and Plaintiff has not done so.

## II. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Complaint (Doc. 2) be DISMISSED without prejudice for failing to state a claim upon which relief may be granted.

2. The Court recommend dismissal count as a strike, in the future, for purposes of 28 U.S.C. § 1915(g).[2]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

---

[2] Title 28 U.S.C. § 1915(g) provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

DATED this 13th day of September 2022.

                                                              _____
                                                              JOE J. VOLPE
                                                              UNITED STATES MAGISTRATE JUDGE